## Case No. 10,075.

### The NEBRASKA.

[2 Ben. 500.] [1]

District Court, E. D. New York. July, 1868.

COLLISION—VESSEL LYING AT PIER.

Where a steamship was coming into pier 37, in the East river, in the harbor of New York, in tow of a tug, and, by the order of the pilot of the steamship, a movement of the tug was made which caused the steamship to swing against a schooner lying at the end of pier 39, so as to crush in a canal boat which lay between the schooner and the end of that pier, *held*, that it was the duty of the steamship to come in at pier 37 so as to avoid touching the vessels at pier 39, and that she was responsible for the damage.

[Cited in The Syracuse. 18 Fed. 829; Shields v. Mayor, etc., Id. 749.]

In admiralty.

Benedict & Benedict, for libellants.
Owen, Nash & Gray, for claimants.

BENEDICT, District Judge. These are two actions, which were tried together, brought by the owners of the canal-boat Sarah Ball, and the owners of certain cargo on board that boat, to recover the damages sustained by the respective libellants in a collision which occurred at pier No. 39, in this harbor, on the 20th day of November, 1867. There is little or no dispute as to the facts, which are as follows: The canal-boat lay at the end of pier No. 39, inside of a schooner, being there engaged in delivering her cargo of coal. The place was a proper place for her to lie; she was properly moored, and the evidence fails to show any fault on her part conducing to the accident which ensued. The steamer was bound to pier No. 37, in tow of a tug upon a hawser. When she was turning in the river, and as she was passing the pier at which

the canal-boat and schooner lay, the tide being flood, an order was given by the pilot of the steamer to the tug, which had stopped her engine for a short time, to go ahead. Thereupon the tug started up, and by her action hauled the bow of the steamer somewhat into the river, thereby causing the steamer's stern to swing in shore, and thereby the steamer's starboard quarter, as she passed, came down upon the schooner with force enough to crush the canal-boat inside. The only question discussed by the claimant was, whether the tug should not be the party held liable, inasmuch as her action caused the steamer to swing in upon the vessels at the pier. But the evidence fails to show that the tug disobeyed any order given by the persons in charge of the steamer, under whose direction she was, while it does appear that, as the steamer was handled, she would, without the action of the tug, have touched the schooner, although it may be that she would in that case have done no damage. It was the duty of the steamer, having full control of herself and of the tug, to come into her pier, No. 37, in such a way as to avoid touching the vessels at pier No. 39. The evidence fails to show any excuse for not doing so; and it is evident that the master of the steamer did not consider the action of the tug to have been such as to excuse the steamer, from the fact which he himself states, that after the accident occurred, he went round to the schooner, inquired as to the damage done to her, and sent a man to repair it. This fact, together with the further circumstances that the answer does not allude to any fault or action of the tug as a cause of the collision, are decisive of the case. The decree must be for libellants, with an order of reference to ascertain the amount.

[NOTE. Upon the coming in of the commissioner's report, exceptions were filed to the amount of damages allowed the owners of the Sarah Ball. The exceptions were overruled. Case No. 10,076.]